UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIGLER'S AUTO CENTER, INC.,

    Plaintiff,

v.

GRANGE MUTUAL CASUALTY COMPANY,

    Defendant.

Case No.: 1:18-cv-1225

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff, SIGLER'S AUTO CENTER, INC., by and through its undersigned counsel, for its Complaint against Defendant, GRANGE MUTUAL CASUALTY COMPANY, states as follows:

**PARTIES AND JURISDICTION**

1.    Plaintiff, Sigler's Auto Center, Inc. ("Plaintiff" or "Sigler's Auto Center"), was and is a non-profit Illinois corporation, with its principal place of business in Skokie, Illinois.

2.    Defendant, Grange Mutual Casualty Company ("Grange"), was and is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio, and is licensed to do business in the State of Illinois.

3.    This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4.    Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because Plaintiff resides in this judicial district and the events giving rise to its claims occurred in this judicial

district. Additionally, Grange does business and/or transacts business in this judicial district and, therefore, is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. Grange is licensed to do insurance business in Illinois and transacts in the insurance business.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff is the owner of real property located at 7501 Lincoln Avenue, Skokie, Illinois 60077 ("Property").

7. Grange issued an insurance policy to Plaintiff which insured the Property for the period July 24, 2015 through July 24, 2016, under Policy Number CPP 2655051 00 01 (the "Policy", a copy of which the declarations and forms inventory are attached to this Complaint as Exhibit A).

8. The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss, unless limited or excluded.

9. Loss caused by hail and/or wind is not excluded under the terms and conditions of the insurance policy and, as such, is a covered loss.

10. On or about February 19, 2016, while the policy was in full force and effect, Plaintiff suffered a loss at the insured Property due to hail and/or wind.

11. Plaintiff reported the covered loss and damage to Grange, and made a claim for the loss and damage to the Property.

12. Plaintiff has duly performed all conditions precedent as required by the Policy to be performed by it, including, but not limited to, paying the premiums due under the Policy, giving notice to Grange of the loss, and cooperating with Grange in its investigation of the claim.

13. As a result, it is Grange's duty to pay Plaintiff for the entire amounts due under the insurance policy for the losses and damages it sustained as a result of the covered wind and/or hail loss.

## COUNT I
### (Breach of Contract)

14. Plaintiff realleges paragraphs 1 through 13 as if fully set forth herein.

15. Notwithstanding its contractual obligation, Grange has failed and refused to pay Plaintiff for its covered loss, which failure and refusal constitutes a breach of the insurance policy.

16. The breach of the insurance contract was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.00.

17. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE, Plaintiff, SIGLER'S AUTO CENTER, INC., prays that this Court enter judgment in its favor and against Defendant, GRANGE MUTUAL CASUALTY COMPANY, in an amount in excess of $75,000.00, plus prejudgment interest and costs.

## COUNT II
### (Section 155 Relief)

18. Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

19. At the time of the loss, Grange's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within

Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

20. Plaintiff is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Grange Mutual Casualty Company's engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Plaintiff for its wind and hail loss within 40 days of the loss, thus constituting an unreasonable delay in paying the loss as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) failing to provide Plaintiff with a reasonable written explanation for the delay in resolving its wind and hail loss and claim, after the claim remained unresolved for more than 75 days after it notified Grange of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c) failing to provide Plaintiff with a reasonable written explanation for the delay in resolving its wind and hail loss and claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

(d) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's fire loss and claim, a claim in which liability was reasonably clear, in violation of Section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois Administrative Code;

(e) forcing Plaintiff to retain legal counsel to investigate the wind and hail loss and claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy;

(f) refusing to pay Plaintiff's covered wind and hail losses due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims polices, practices, and procedures and in violation of Section 154.6 of the Illinois Insurance Code;

(g) failing to examine and question its retained consultant's report to assure that they contained all opinions necessary to properly evaluate the claim;

(h) failing to properly instruct its retained consultants on the standard for damage outlined in the Policy;

(i) relying on a "functional damage" standard as a reason for the denial of Plaintiff's claim, even though Grange knew or should have known that the policy does not require that the Property sustain functional damage for coverage to be afforded to covered property at the premises caused by or resulting from any covered cause of loss;

(j) failing to instruct its retained consultant to consider weather data from the reported date of loss;

(k) failing to interpret its insurance policy in a reasonable manner;

(l) without proper cause, wrongfully and knowingly refusing to reimburse Plaintiff for its covered wind and hail loss under the insurance policy; and

(m) failing to carry out its part of the bargain under the insurance contract, contrary to its claim handling philosophy.

WHEREFORE, Plaintiff, SIGLER'S AUTO CENTER, INC., prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, GRANGE MUTUAL CASUALTY COMPANY.

## **REQUEST FOR JURY TRIAL**

21. Plaintiff requests trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 16th day of February, 2018

/s/ Christina M. Phillips_____
Christina M. Phillips, Esq.
Edward Eshoo, Jr., Esq.
Merlin Law Group, PA
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone:  312-260-0806
Facsimile:   312-260-0808

Larry E. Bache, Jr., Esq.
Merlin Law Group, PA
777 South Harbour Island Boulevard, Suite 950
Tampa, Florida 33602
Telephone: 813-229-1000
Facsimile: 813-229-3692